No. 63,615 ■

STATE OF KANSAS, *Appellee*, v. TOMMY L. FREITAG, *Appellant*.

(802 P.2d 502)

Opinion filed December 7, 1990.

*Lucille Marino*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, and *Steven R. Zinn*, deputy appellate defender, of Topeka, and *Shannon Barks*, student intern, of Kansas Appellate Practice Clinic, of Lawrence, were with her on the briefs for appellant.

*Steven J. Obermeier*, assistant district attorney, argued the cause, and *Paul J. Morrison*, district attorney, and *Robert T. Stephan*, attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

MCFARLAND, J.: Tommy L. Freitag appeals his jury trial conviction of felony theft (K.S.A. 21-3701). The Court of Appeals reversed the conviction in an unpublished opinion filed June 1, 1990. The matter is before us on petition for review.

The facts may be summarized as follows. On June 9, 1988, defendant entered Bike Works, a retail bicycle shop, located in Gladstone, Missouri. He expressed interest in purchasing a

Schwinn Circuit bicycle, which had a retail price of $699.95, and asked to test ride it. Defendant appeared quite knowledgeable about bicycles. The store clerk agreed to let defendant ride the bike in the parking lot adjacent to the store. Defendant rode around the parking lot for awhile under the clerk's scrutiny. Gradually defendant's route moved closer to the far end of the lot. At this point, defendant succumbed to the siren song of the open road and rode away, free of the oppressive restraint of the parking lot. The clerk immediately notified the store manager, who unsuccessfully drove around in search of the bicycle.

Other area bike shops were notified of the missing bicycle by the store's management. Ultimately, the manager of one of these other establishments notified the Bike Works' manager that he had seen a bike fitting the bicycle's description entered in a recent triathlon in Lawrence. It was suggested the Bike Works should check out a similar event to be held in Johnson County. This suggestion was followed, leading to the recovery of the bicycle and the arrest of defendant at the triathlon held in Shawnee Mission Park on July 10, 1988.

At trial, defendant testified he had wrecked the bike while test riding it and had become frightened of the consequences. He testified: "I stuck the bike in my car and I took off." His home is in Lenexa. The bicycle, when recovered, had a new stem which better fit defendant's size and had undergone other modifications. Defendant testified he never intended to keep the bike.

For his first issue, defendant argues the court lacked jurisdiction to try him for felony theft as: (1) the theft occurred in Missouri; and (2) the complaint was fatally defective. The Court of Appeals bought the argument. We do not.

The complaint/information alleges in pertinent part:

"[O]n or about the 9th day of June, 1988, in said County of Johnson and State of Kansas, TOMMY L. FREITAG did then and there unlawfully, feloniously, and willfully obtain or exert unauthorized control over property, to-wit: a Schwinn bicycle, with the intention to permanently deprive the owner, to-wit: the Bike Works of the possession, use or benefit of said property, of a value of $150.00 or more in violation of K.S.A. 21-3701 and K.S.A. 21-4501(e)."

The Court of Appeals held the district court lacked jurisdiction because: (1) the theft occurred in Missouri; and (2) the complaint was defective for failure to include an allegation of asportation

(the carrying away) of the property as required by the common-law crime of larceny.

K.S.A. 21-3701 provides, in pertinent part:

"Theft is any of the following acts done with intent to deprive the owner permanently of the possession, use or benefit of the owner's property:
(a) Obtaining or exerting unauthorized control over property; or
(b) Obtaining by deception control over property; or
(c) Obtaining by threat control over property; or
(d) Obtaining control over stolen property knowing the property to have been stolen by another."

The Judicial Council note (1968) following the statute explains:

"The section follows generally the pattern of California, Illinois, the Model Penal Code, and other recent drafts in that it consolidates the present crimes of larceny, embezzlement, false pretense, extortion, receiving stolen property and the like into a single crime of theft. The former distinctions are historical but apparently served no useful purpose. They tended to make the law unduly complex, and created unnecessary problems in pleading and proof. All involved the common elements of an obtaining of property by dishonest means. The distinctions were not sufficiently basic to require treatment in separate sections. The section covers the same acts formerly prescribed by at least 30 sections in the Kansas Statutes Annotated."

K.S.A. 21-3110 provides, in pertinent part:

"The following definitions shall apply when the words and phrases defined are used in this code, except when a particular context clearly requires a different meaning.

. . . .

"(12) 'Obtains or exerts control' over property includes but is not limited to, the taking, carrying away, or the sale, conveyance, or transfer of title to, interest in, or possession of property."

Thus, the old larceny element of "carrying away" is included within the term "obtains or exerts control" as utilized in the theft statute. It would be rather nonsensical to require a separate allegation in a complaint of "carrying away" when usage of the term "obtains or exerts control," by statutory definition, includes "carrying away."

K.S.A. 22-2610 provides:

"When property taken in another state by theft or robbery shall have been brought into this state, the venue is in any county into or through which such property shall have been brought."

As we stated in *State v. Shoemake*, 228 Kan. 572, 575, 618 P.2d 1201 (1980):

"The defendant in his brief challenged the trial court's jurisdiction over the theft of the yellow Ford Torino because it was stolen originally in Kansas City, Missouri. K.S.A. 22-2610 provides the venue for prosecution of theft of property taken in another state and brought into Kansas to be in the county where found in this state. Here the yellow Torino, although taken in Missouri, was recovered in Wyandotte County and the charge was properly filed in the Wyandotte County District Court."

Had the bike recovery and defendant's arrest occurred at the Lawrence triathlon, he could have been charged with the theft in Douglas County.

The property herein was recovered in Johnson County and was under defendant's control in that county immediately prior to the recovery. The interpretation afforded K.S.A. 22-2610 by the Court of Appeals would, in effect, render the statute a nullity because, if the theft occurred in another state, no Kansas court could have jurisdiction so proper venue could never exist anywhere in Kansas.

Perhaps one other aspect of the Court of Appeals rationale warrants a brief discussion lest that same path be followed again in some other case. In concluding that the crime of theft occurred wholly in Missouri, the Court of Appeals cited *State v. Gainer*, 227 Kan. 670, Syl. ¶ 2, 608 P.2d 968 (1980), which held:

"The crime of theft by obtaining or exerting unauthorized control over property with intent to deprive the owner permanently of the possession, use or benefit of his property as proscribed in K.S.A. 21-3701(a) is not a continuing offense."

*Gainer* involved the question of whether or not concealing the property taken in a theft constitutes concealment of the crime so as to toll the running of the statute of limitations pursuant to K.S.A. 21-3106(3)(c). As pointed out in *Gainer*, the continuing offense doctrine arises in statute of limitations questions and has only limited application therein. There is no statute of limitations issue in the case before us and the continuing offense doctrine has no application.

For the previously stated reasons, we conclude the district court of Johnson County had jurisdiction to try the defendant for the theft of the bicycle herein and that the complaint was not defective.

For his next issue, defendant challenges the sufficiency of the evidence.

When the sufficiency of the evidence is challenged, the standard of review on appeal is whether after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Graham*, 247 Kan. 388, Syl. ¶ 5, 799 P.2d 1003 (1990).

There is abundant evidence herein from which a rational factfinder could conclude that the defendant intended to permanently deprive the owner of the bicycle when he removed it from the authorized test riding area. It should be noted, perhaps, that the jury was instructed on unlawful deprivation of property as a lesser included offense. This was consistent with defendant's theory of defense. Obviously, the jury did not believe defendant's testimony. It is uncontroverted that defendant brought the bicycle into Johnson County.

Defendant further contends the evidence was insufficient to establish ownership of the bicycle. In its original opinion, the Court of Appeals agreed ownership had not been established. On motion for rehearing, the Court of Appeals modified its original opinion to hold ownership had been established. The modification occurred after we had granted review of the original opinion. Defendant has filed a motion to strike the modified opinion on the basis that the Court of Appeals lost jurisdiction herein when we granted review. This presents an unusual procedural question. The practical effect, however, can have no bearing on the outcome of the case from defendant's perspective. We have reviewed the record and find the Bike Works' ownership was sufficiently established. If we grant defendant's motion and strike the modified opinion, then the result would be that we would reverse the Court of Appeals' determination in the original opinion that ownership was not established. If we deny defendant's motion to strike and consider the modified opinion as the one before us for review, then we affirm the Court of Appeals' determination that sufficient evidence was presented on this element. In either event, the trial court is affirmed. Either alternative leads to the same ultimate result. We elect to deny the motion to strike the modified opinion.

Portions of the argument made on the sufficiency of the evidence issue are inextricably linked to the jurisdictional issue previously discussed and what has been said therein need not be repeated. We conclude the defendant's arguments relative to the sufficiency of the evidence are wholly without merit.

For his next claim of error, defendant contends certain prosecutorial statements made in closing argument warrant reversal. We do not agree.

The complained-of statements are as follows:

"One of the instructions that Judge Hougland just gave you is that any statements of counsel, myself or Mr. Fromme, that are not supported by the evidence should be disregarded, so I want to preface this by saying that if I say something that didn't come out in the evidence, that wasn't testified to, you can disregard that. Likewise, for Mr. Fromme.

"I have talked to the witnesses on several occasions, and in my—you've heard the story once. In my mind, I have heard it several times from each of the witnesses, so I don't intent to mislead you or tell you anything that's not—"

Defendant interprets these comments as an attempt to have the jury put greater credence on the prosecutor's references to the testimony than to defense counsel's comments on the testimony. We do not agree. It appears clear that the prosecutor is stating that he will try to state the witnesses' testimony accurately, but if he makes an incorrect statement it is not an attempt to mislead but the result of his having confused the actual testimony with a prior conversation he had with the same individual.

In deciding whether prosecutorial misconduct requires reversal, an appellate court determines whether there was little or no likelihood the error changed the result of the trial. *State v. Chism,* 243 Kan. 484, 493, 759 P.2d 105 (1988). We have long held that prosecutorial misconduct constitutes reversal only when the objectionable statements injure the defendant and prejudice the jury against him. *State v. Thompson,* 221 Kan. 176, 183, 558 P.2d 93 (1976).

We find no reversible error on this issue.

The judgment of the Court of Appeals reversing the district court is reversed. The judgment of the district court is affirmed.

ABBOTT, J., not participating.