**Richmond**

RANDY EARLE JORDAN

v.

COMMONWEALTH OF VIRGINIA

No. 0029-85

Decided August 5, 1986

COUNSEL

Richard A. Turner, for appellant.

Margaret Poles Spencer, Assistant Attorney General (William G. Broaddus, Attorney General, on brief), for appellee.

Opinion

**BENTON, J.**—Armed with a handgun, Randy Earle Jordan forced several employees at a fast-food restaurant to give him their employer's money. Jordan was found guilty of two counts of robbery and two counts of using a firearm in the commission of a felony. This appeal concerns whether Jordan's convictions and multiple punishment in a single proceeding for two robberies violate the double jeopardy clauses of the federal and state constitutions. We affirm the convictions.

On April 8, 1984, Jordan entered the kitchen area of a Wendy's restaurant with a handgun drawn. He handed a bag to Fadeley Guffey, an employee, and ordered him to place the money from the pickup window cash register in the bag. Jordan also ordered Michael Browder, an assistant manager, to remove from his pockets money which belonged to the restaurant. Jordan pointed his handgun at Gay Nell Kersey and ordered her to remove the money in the front register; he then ordered Rick Hudson to retrieve additional money which was located beneath the register's cash drawer. Each employee followed Jordan's commands and placed money in the bag. Jordan next ordered the four employees and their co-worker, Samuel Rawlings, to proceed to an office, where Jordan ordered Browder to open a safe and place its contents in the bag. Jordan then closed the office door and fled from the restaurant.

One indictment alleged that Jordan robbed "Michael Browder of Unites States currency belonging to Wendy's International, Inc., and in the care and custody of the said Michael Browder." The second indictment alleged that he robbed Guffey. Two separate indictments charged the use and display of a firearm in the robberies of Browder and Guffey, respectively.

The circuit court denied a motion by Jordan to dismiss the indictments on the ground that the prosecution of his acts as separate offenses constituted double jeopardy and violated Code § 19.2-294.[1] The jury found Jordan guilty of all four charges. In accordance with the jury's verdict, the court sentenced Jordan to

---

[1] Code § 19.2-294 provides in part:

If the same act be a violation of two or more statutes, or of two or more ordinances, or of one or more statutes and also one or more ordinances, conviction under

sixteen years in the penitentiary, the total term of four consecutive sentences.

## I.

A person may not be put twice in jeopardy for the same offense. U.S. Const. amend. V; Va. Const. art. I, § 8. This prohibition provides three distinct guarantees.

It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*North Carolina* v. *Pearce*, 395 U.S. 711, 717 (1969); *see Brown* v. *Commonwealth*, 230 Va. 310, 312-13, 337 S.E.2d 711, 713 (1985). Jordan invokes the protection afforded by the third guarantee.

The issue of multiple punishments actually arises in two contexts. *See generally* Western & Drubel, *Toward a General Theory of Double Jeopardy*, 1978 Sup. Ct. Rev. 81, 111-22. First, two or more statutes may proscribe a particular course of conduct as criminal offenses. *See Gore* v. *United States*, 357 U.S. 386, 392 (1958); *Brown* v. *Commonwealth*, 230 Va. at 313, 337 S.E.2d at 712-13; *Turner* v. *Commonwealth,* 221 Va. 513, 528-30, 273 S.E.2d 36, 46-47 (1980), *cert. denied*, 451 U.S. 1011 (1981); *Jones* v. *Commonwealth*, 218 Va. 18, 21-24, 235 S.E.2d 313, 315-16 (1977). Second, a defendant's conduct may constitute more than one violation of a single criminal proscription. *See Bell* v. *United States*, 349 U.S. 81, 82-83 (1955); *Educational Books, Inc.* v. *Commonwealth*, 228 Va. 392, 394-95, 323 S.E.2d 84, 85 (1984), *cert. denied*, 105 S. Ct. 2367 (1985); *Cartwright* v. *Commonwealth*, 223 Va. 368, 372, 288 S.E.2d 491, 492 (1982). In either context, the question is what punishments are constitutionally permissible.

one of such statutes or ordinances shall be a bar to a prosecution or proceeding under the other or others.

Jordan does not appeal the court's ruling with respect to the § 19.2-294 contention. *See Blythe* v. *Commonwealth*, 222 Va. 722, 725, 284 S.E.2d 796, 797 (1981) (§ 19.2-294 has no application to common-law offenses, such as robbery).

The question of what punishments are constitutionally permissible is not different from the question of what punishment the legislature authorized. *See, e.g., Missouri* v. *Hunter*, 459 U.S. 360, 367-69 (1983); *Albernaz* v. *United States*, 450 U.S. 333, 337 (1981); *Brown*, 230 Va. at 313-14, 337 S.E.2d at 713; *Kelsoe* v. *Commonwealth*, 226 Va. 197, 199, 308 S.E.2d 104, 104 (1983). The legislature in its discretion may determine the appropriate "unit of prosecution" and set the penalty for separate violations.[2] The double jeopardy clauses prohibit the courts from exceeding the legislative authorization by imposing multiple punishments for the same offense. *See Missouri* v. *Hunter*, 459 U.S. at 366; *Brown* v. *Ohio*, 432 U.S. 161, 165 (1977); *Bell* v. *United States*, 349 U.S. at 82-83; *Turner* v. *Commonwealth*, 221 Va. 513, 529-30, 273 S.E.2d 36, 46-47 (1980). Where the legislature has authorized cumulative punishments, regardless of whether the offenses are the "same," the prosecutor may seek and the trial court may impose cumulative punishments in a single trial.

Jordan contends that *Blockburger* v. *United States*, 284 U.S. 299 (1932), compels the conclusion that his conduct at the restaurant constituted one robbery. Jordan argues implicitly that application of the *Blockburger* test indicates that the legislature intended only one sentence be imposed. Under *Blockburger*:

> [W]here the same act or transaction constitutes a violation of *two distinct statutory provisions*, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Id.* at 304 (emphasis added). As the emphasized language indicates, however, the *Blockburger* test is inapposite here because only one criminal proscription is at issue, the offense of robbery. The relevant question is instead whether Jordan's actions in the restaurant constituted more than a single violation of that proscription.

In Virginia, robbery is a nonstatutory crime which continues to be defined by the common law. *Pritchard* v. *Common-*

---

[2] The legislature's authority to define offenses may be limited by the constitutional prohibition against cruel and unusual punishments. U.S. Const. amend. VIII; *see Robinson* v. *California*, 370 U.S. 660 (1962).

*wealth,* 225 Va. 559, 561, 303 S.E.2d 911, 912 (1983); *Mason* v. *Commonwealth,* 200 Va. 253, 254, 105 S.E.2d 149, 150 (1958). With slight variation over the years, the common law has defined the crime of robbery as:

[1] the taking, with the intent to steal, [2] of the personal property of another, [3] from his person or in his presence, [4] against his will, by violence or intimidation.

*Johnson* v. *Commonwealth,* 215 Va. 495, 496, 211 S.E.2d 71, 72 (1975); *see Falden* v. *Commonwealth,* 167 Va. 542, 545, 189 S.E. 326, 328 (1937); *Houston* v. *Commonwealth,* 87 Va. 257, 262-64, 12 S.E. 385, 386 (1890); W. Hening, *The Virginia Justice* 602 (4th ed. 1825); 5 *Blackstone's Commentaries* 242 (Tucker ed. 1803) (1969 reprint).

In Code § 18.2-58 the General Assembly has prescribed the range of punishment for robbery committed by specified means:

If any person commit robbery by partial strangulation, or suffocation, or by striking or beating, or by other violence to the person, or by assault or otherwise putting a person in fear of serious bodily harm, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever, he shall be guilty of a felony and shall be punished by confinement in the penitentiary for life or any term not less than five years.

We believe that the intent of the General Assembly can be gleaned from this punishment statute. The gravaman of the offense to be punished consists of "violence to *the person*" or "putting *a person* in fear . . . by the . . . presenting of firearms" during the commission of a robbery. The statute refers to the victim in the singular and suggests that the General Assembly's primary purpose was the protection of an individual from violence and fear of harm during a robbery. Thus, the focus must be upon the actions directed toward *the person* robbed. The offense of robbery requires a theft and force or intimidation directed against a custodian of personal property. *Prichard* v. *Commonwealth,* 225 Va. at 561, 303 S.E.2d at 912.

We believe it is significant that robbery is denominated as a crime against a person in the codification of our criminal statutes.[3] Furthermore, the General Assembly has not imposed different penalties for robbery according to the value taken as is the case under the larceny statutes. *See* Code §§ 18.2-58, 18.2-95 and 18.2-96. We believe that these factors suggest that the legislature was concerned about the violence and fear aspect of the offense and not merely the protection of property.

We note that Jordan's position, i.e., there was only one robbery, essentially finds support in a number of decisions by other state courts. *See, e.g., State* v. *Faatea,* 65 Hawaii 156, 648 P.2d 197, 198 (1982); *People* v. *Nicks,* 23 Ill. App. 3d 435, 319 N.E.2d 531 (1974); *Rogers* v. *State,* 272 Ind. 65, 74, 396 N.E.2d 348, 355 (1979); *State* v. *Potter,* 285 N.C. 238, 253, 204 S.E.2d 649, 659 (1974); *State* v. *Collins,* 329 S.E.2d 839 (W. Va. 1984). Each case involved one theft—the taking of company funds from several employees. In each case the court explicitly or tacitly emphasized that its state law considered robbery to be a form of aggravated theft and accordingly found only one robbery. In each of these cases, the court referred to the common law to construe its state's robbery statute.

We believe these cases do not give appropriate attention to the elements of violence and fear in robbery. Robbery certainly may be considered a "crime against property;" however, we conclude that under our punishment statute it is more than merely aggravated larceny. *See People* v. *Wakeford,* 418 Mich. 95, 127-28, 341 N.W.2d 68, 83 (1983) (Levin, J., dissenting) (collecting common-law authorities for proposition that robbery is larceny aggravated by force).

■ Because the essential character of both Code § 18.2-58 and common-law robbery is violence against a person for the purpose of theft, *Prichard* v. *Commonwealth,* 225 Va. at 562, 303 S.E.2d at 913, we hold that the appropriate "unit of prosecution" is determined by the number of persons from whose possession property is taken separately by force or intimidation. *See People* v. *Ramos,* 30 Cal. 3d 553, 587, 639 P.2d 908, 927-29, 180 Cal.

---

[3] Code § 18.2-58, which prescribes the penalty for robbery, is placed in Chapter 4 of Title 18.2, entitled "Crimes Against the Person." By contrast, larceny appears in Chapter 5, which is entitled "Crimes Against Property."

Rptr. 266, 285 (1982), *rev'd on other grounds*, 463 U.S. 992 (1983); *State* v. *Showmake*, 228 Kan. 572, 618 P.2d 1201, 1205-06 (1980); *Commonwealth* v. *Levia*, 385 Mass. 345, 351, 431 N.E.2d 928, 931 (1982); *People* v. *Wakeford*, 418 Mich. 95, 112, 341 N.W.2d 68, 75-76 (1983); *State* v. *Rupe*, 101 Wash.2d 664, 683 P.2d 571, 589 (1984); *see also Thomas* v. *Warden*, 683 F.2d 83, 85 (4th Cir.), *cert. denied*, 459 U.S. 1042 (1982).

In this case, the Commonwealth's evidence showed that Jordan pointed a gun at Guffey and demanded that he turn over money in a cash register. Jordan also threatened Browder and demanded that he turn over money from his pockets. Although the money yielded by Guffey and Browder was the property of Wendy's International, Inc., the evidence clearly shows that both employees were subjected to the threat of violence by the presenting of firearms as money was taken from each of them. On the facts of this case, Jordan committed the two robberies of which he was convicted; thus, the trial court's imposition of separate sentences for the robbery of Guffey and Browder did not punish Jordan twice for the "same offense."

## II.

With respect to the two convictions for using a firearm in the commission of robbery, Jordan contends that "it goes without saying" that if one of the robbery convictions is barred by the double jeopardy clauses, then the related firearms conviction must be reversed. This argument is of no moment because both robbery convictions are affirmed. The firearm convictions are separate and distinct offenses. *Jones* v. *Commonwealth*, 218 Va. 18, 23-24, 235 S.E.2d 313, 316 (1977).

The judgment of the trial court is affirmed for the reasons expressed above.

*Affirmed.*

Cole, J., and Duff, J., concurred.