Charlottesville
KEVIN PATRICK SULLIVAN
v.
COMMONWEALTH OF VIRGINIA
No. 0014-91-2
Decided August 18, 1992

COUNSEL

Michael C. Allen (Hairfield, Morton, Allen & Rockwell, on brief), for appellant.

Thomas D. Bagwell, Senior Assistant Attorney General (Mary Sue Terry, Attorney General; Richard B. Smith, Assistant Attorney General, on brief), for appellee.

OPINION

DUFF, J.—Kevin Sullivan appeals his November 2, 1990, convictions of (1) robbery and (2) use of a firearm in the commission of a robbery against Curtis Meade, arguing that both convictions are barred by the constitutional prohibitions against double jeopardy. We agree and reverse the judgment of the trial court.

I.

On February 28, 1990, Tommy Foster and Curtis Meade were preparing to close the Movie Time Video shop in the city of Richmond. At about 9:00 p.m., they were approached by a man who "came up to the counter and pulled a gun out from the front pocket of [his] sweatshirt." Meade identified this man as Kevin Sullivan, the appellant. According to Meade's testimony, Sullivan pointed the gun at him and Foster and threatened to kill them if they did not follow his instructions. Sullivan told Foster to give him all the money in the cash drawer and told Meade to stay in the bathroom while he instructed Foster to get the key to the back door. Sullivan then forced both Meade and Foster to lie on the floor and count to 120. Tommy Foster also testified at trial, corroborating Meade's account in all material respects.

On June 11, 1990, Sullivan was charged by warrant with the robbery of Tommy Foster and the use of a firearm in commission of that robbery. On September 10, 1990, the Grand Jury met and returned indictments on both charges (the "Foster charges"). In addition, the Grand Jury returned two more indictments: one charging Sullivan with the robbery of Curtis Meade and the other

charging him with the use of a firearm in commission of the robbery of Meade (the "Meade charges").

On November 2, 1990, Sullivan appeared before the Richmond City Circuit Court and was arraigned on all four charges. He pled guilty to the Foster charges and not guilty to the Meade charges. After *voir dire*, the court accepted Sullivan's guilty pleas. Sullivan then tendered portions of a transcript of proceedings before the General District Court, consisting of the testimony of Tommy Foster. This testimony was stipulated by the prosecution and defense counsel to be sufficient evidence to prove beyond a reasonable doubt all the elements of the crimes against Tommy Foster.

The court accepted the stipulated evidence and found Sullivan guilty of the Foster charges. Sullivan then moved to dismiss the remaining indictments on the ground that prosecution of those charges would subject him to double jeopardy in violation of the United States Constitution. Sullivan's motion was denied. The court then heard the Commonwealth's evidence, after which Sullivan renewed his motion to dismiss. The court again denied his motion, and found Sullivan guilty as charged. Sullivan then noted this appeal.

## II.

Sullivan contends that he was placed in jeopardy twice for the same criminal conduct. The Supreme Court has held that the protections of the double jeopardy clause prohibit successive prosecutions where the State "will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Grady v. Corbin*, 495 U.S. 508, 510 (1990). The Commonwealth argues that the charges based on the events of February 28, 1990 were all prosecuted in a single proceeding, and, therefore, did not involve "successive prosecutions." However, we need not reach the issue of whether these prosecutions involved separate proceedings, because we find that the Meade charges are barred by the more basic principles of double jeopardy.

The double jeopardy clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V; Va. Const. art. I, § 8.

It is now well recognized that this clause affords an accused three distinct constitutional guarantees. "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense."

*Brown v. Commonwealth*, 230 Va. 310, 312-13, 337 S.E.2d 711, 713 (1985)(quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). Sullivan's convictions for the Meade charges violate the third of these constitutional guarantees, that protecting against multiple punishments for the same offense.

■ In *Jordan v. Commonwealth*, 2 Va. App. 590, 347 S.E.2d 152 (1986), we specifically addressed the issue of multiple punishments for the crime of robbery when several individuals are present. We noted that, in Virginia, robbery remains a common law crime defined as "[1] the taking, with the intent to steal, [2] of the personal property of another, [3] from his person or in his presence, [4] against his will, by violence or intimidation." *Id.* at 595, 347 S.E.2d at 155. "Because the essential character of both Code § 18.2-58 and common-law robbery is violence against a person for the purpose of theft, . . . the appropriate 'unit of prosecution' is determined by the number of persons from whose possession property is taken separately by force or intimidation." *Scott v. Commonwealth*, 7 Va. App. 252, 262, 372 S.E.2d 771, 777 (1988) (quoting *Jordan v. Commonwealth*, 2 Va. App. at 596, 347 S.E.2d at 156 (citation omitted)), *cert. denied*, 490 U.S. 1095 (1989).

In *Jordan*, multiple prosecutions were permissible because the defendant used violence to extract money separately from several distinct victims. In the case before us, however, only one person surrendered money to Mr. Sullivan. A single taking gives rise to a single robbery. To allow further prosecutions for robbery based solely on constructive possession by the additional "victims" would be constitutionally impermissible.

Here, the evidence proved only one robbery. The evidence offered by the Commonwealth in its prosecutions of Sullivan for the Meade charges demonstrates that those prosecutions were based on the theft of property from Foster. In the first prosecution, the evidence proved Sullivan took money from Foster while displaying

a weapon. The Commonwealth never proved a second taking from the person of Curtis Meade. Contrary to the rule established in *Jordan*, the Commonwealth sought to prove that Sullivan robbed Meade by using as its "unit of prosecution" the number of employees present during the robbery. We reiterate that "[b]ecause the essential character of both Code § 18.2-58 and common-law robbery is violence against a person for the purpose of theft, . . . the appropriate 'unit of prosecution' is determined by the number of persons from whose possession property is taken separately by force or intimidation." *Jordan*, 2 Va. App. at 596, 347 S.E.2d at 156 (citation omitted). Therefore, only one robbery occurred.

Although the resolution of this matter may have been clearer if Sullivan had raised it in the context of the sufficiency of the evidence to support the conviction for robbery of Meade, it is beyond dispute that as a consequence of our *Jordan* decision, the trial court's imposition of separate convictions and sentences for the Foster and Meade charges operate to punish Sullivan twice for the same offense. Such punishment is explicitly barred by the double jeopardy clause of the fifth amendment to the United States Constitution, as well as Article I of the Virginia Constitution. We therefore reverse appellant's convictions of robbery and use of a firearm in the commission of a robbery against Curtis Meade.

*Reversed and dismissed.*

Barrow, J., and Benton, J., concurred.