**Richmond**

KEVIN PATRICK SULLIVAN

v.

COMMONWEALTH OF VIRGINIA

No. 0014-91-2

Decided August 3, 1993

COUNSEL

Michael C. Allen (Hairfield, Morton, Allen & Rockwell, on brief), for appellant.

Richard B. Smith, Assistant Attorney General (Mary Sue Terry, Attorney General, on briefs), for appellee.

## UPON REHEARING EN BANC

OPINION

**WILLIS, J.**—On August 18, 1992, a panel of this Court reversed Kevin Patrick Sullivan's convictions for robbery of Curtis Meade and for use and display of a firearm in the commission of that robbery, holding that those convictions violated the prohibition against double jeopardy.[1] We stayed the mandate of that decision and granted rehearing en banc. Upon rehearing, we affirm the judgment of the trial court.

About 9:00 p.m. on February 28, 1990, Tommy Foster and Curtis Meade were preparing to close the Movie Time Video shop in Richmond. Sullivan approached the counter and drew a gun from his sweatshirt. He pointed the gun at Foster and Meade and threatened to kill them if they did not obey his instructions. Sullivan told Foster to give him money. Foster was a new employee and did not know where all the money was kept. Meade was obliged to direct him in collecting the store's money. After Foster collected $1,600, he placed it in a bag and handed it to Sullivan. Sullivan then forced the two men to lie on the floor while he left the premises.

On June 11, 1990, a warrant was issued charging Sullivan with the robbery of Foster and with the use of a firearm during the commission of that robbery. On September 10, 1990, the grand jury returned a

---

[1] Our stay prevented publication of this decision in the official reports. However, it appears unofficially at 9 V.L.R. 126.

two-count indictment specifying those charges and another two-count indictment charging Sullivan with robbery of Meade and with the use of a firearm in the commission of that robbery. On November 2, 1990, the trial court accepted Sullivan's guilty plea to the Foster charges. Sullivan then moved to dismiss the remaining charges on the ground that their prosecution would unconstitutionally subject him to double jeopardy. The trial court denied this motion and convicted Sullivan of the Meade charges. This appeal addresses that ruling.

Sullivan contends that the February 28, 1990 incident constituted a single robbery, a single act of intimidation directed jointly against the two store employees and a single taking of property from them jointly. He argues that his conviction under the Foster indictment was a conviction for the entire offense and barred his re-trial for the same offense under the Meade indictment. The Commonwealth argues that each employee was assaulted and intimidated, and that the money in their joint possession was taken from each of them. Therefore, the Commonwealth argues, the incident effected two robberies and two incidental firearm offenses. We agree with the Commonwealth's position.

■ The double jeopardy clause of the fifth amendment

protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165 (1977). In *Blockburger v. United States*, 284 U.S. 299 (1932), the Supreme Court set forth the traditional test for double jeopardy:

[W]hether there are two offenses or only one, . . . whether each provision requires proof of an additional fact which the other does not.

*Id.* at 304. The Supreme Court later elaborated this standard, holding that a court must first apply the traditional *Blockburger* test, and then apply a further standard which provides:

[T]he Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an

offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted.

*Grady v. Corbin*, 495 U.S. 508, 521 (1990) (footnote omitted).

In *United States v. Dixon*, 113 S. Ct. 2849 (1993), the Supreme Court overruled *Grady v. Corbin* and returned to the traditional double jeopardy test. It held:

In both the multiple punishment and the multiple prosecution contexts, this Court has concluded that where the two offenses for which the defendant is punished or tried cannot survive the "same-elements" test, the double jeopardy bar applies. The same-elements test, sometimes referred to as the "Blockburger" test, inquires whether each offense contains an element not contained in the other; if not, they are the "same offence" and double jeopardy bars additional punishment and successive prosecution.

*Id.* at 2856 (citations omitted).

The assault on Foster and the taking of property from him were elements required to be proved in support of the charge of robbery against him, but were not embraced within the charge of robbery of Meade. Likewise, the assault on Meade and the taking of property from him were elements required to be proved in support of the charge of robbery against him, but were not embraced within the charge of robbery of Foster. Thus, if both Foster and Meade were robbed, double jeopardy does not bar prosecution for both robberies.

█ Robbery is defined as

[a] taking, with the intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation. The phrase ". . . of the personal property of another, from his person or in his presence . . ." has been broadly construed to include the taking of property from the custody of, or in the actual or constructive possession of, another.

*Johnson v. Commonwealth*, 215 Va. 495, 496, 211 S.E.2d 71, 72 (1975).

█ In *Jordan v. Commonwealth*, 2 Va. App. 590, 347 S.E.2d 152 (1986), we addressed the issue of multiple punishments for robbery

when several persons are victimized. The *Jordan* court held as follows:

> [B]ecause the essential character of both Code § 18.2-58 and common-law robbery is violence against a person for the purpose of theft, . . . the appropriate "unit of prosecution" is determined by the number of persons from whose possession property is taken separately by force or intimidation.

*Id.* at 596, 347 S.E.2d at 156 (citation omitted). In *Jordan*, the defendant pointed a gun at two employees and obtained money, which belonged to their employer, from each of them. We rejected the defendant's argument that only one robbery had occurred and found no double jeopardy bar to prosecution for robbery of each employee.

Both Foster and Meade were custodians of the store's money and jointly possessed it. This case differs from *Jordan* only in that, although both employees possessed their employer's money, only Foster physically surrendered money to Sullivan. However, Sullivan forced Meade to assist in the collection and surrender of the money. Thus, he forcibly took money from Meade's possession. He intimidated each employee and obtained the money through the agency of that intimidation. He threatened to kill each employee if he did not yield the money. He robbed each employee and, thus, committed two robberies. *See Kelsoe v. Commonwealth*, 226 Va 197, 308 S.E.2d 104 (1983) (upholding three separate convictions for brandishing a firearm where the defendant pointed a gun at three men standing a few feet away, rejecting his double jeopardy claim of multiple punishment for a single offense).

The judgment of the trial court is affirmed.

*Affirmed.*

Moon, C.J.,* Baker, J., Barrow, J., Coleman, J., Elder, J., Bray, J., and Fitzpatrick, J., concurred.

Benton, J., dissenting.

The double jeopardy clauses of the federal and state constitutions provide that no person shall be twice put in jeopardy of life or limb for the same offense. U.S. Const. amend. V; Va. Const. art. I, § 8.

---

\* On May 1, 1993, Judge Moon succeeded Judge Koontz as Chief Judge.

It is now well recognized that [the double jeopardy] clause affords an accused three distinct constitutional guarantees. "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense."

*Brown v. Commonwealth*, 230 Va. 310, 312-13, 337 S.E.2d 711, 713 (1985) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). Kevin Patrick Sullivan's convictions for the charge of robbing Curtis Meade violated the third of these constitutional guarantees: the "protect[ion] against multiple punishments for the same offense."

In *Jordan v. Commonwealth*, 2 Va. App. 590, 347 S.E.2d 152 (1986), this Court specifically addressed the issue of multiple punishments for the crime of robbery when several individuals are present. We noted that, in Virginia, robbery remains a common law crime defined as "[1] the taking, with the intent to steal, [2] of the personal property of another, [3] from his person or in his presence, [4] against his will, by violence or intimidation." *Id.* at 595, 347 S.E.2d at 155. Relying on the elements of the common law offense, we held that "[b]ecause the essential character of both Code § 18.2-58 and common-law robbery is violence against a person for the purpose of theft, . . . the appropriate 'unit of prosecution' is determined by the number of persons from whose possession *property is taken separately* by force or intimidation." *Id.* at 596, 347 S.E.2d at 156 (citations omitted) (emphasis added).

Sullivan was separately indicted for the robberies of Curtis Meade and Tommy Foster. The evidence proved, however, that Sullivan committed only one robbery. In the circuit court, Sullivan pled guilty to the robbery of Foster. The Commonwealth and Sullivan stipulated that the testimony given at the preliminary hearing would constitute the facts regarding the Foster robbery charge. The transcript of the testimony proved that Sullivan entered the store, displayed a gun, and directed the employees to the back corner of the store. According to Meade's own testimony, Sullivan "[t]hen . . . directed Tommy [Foster] to do everything." Foster collected the money from the cash drawer and gave it to Sullivan. The testimony did not prove that Sullivan took any money from Meade. On these facts, the trial judge found Sullivan guilty of the robbery of Foster.

The evidence offered by the Commonwealth in its prosecution of Sullivan for the robbery of Meade was based on the evidence of the property taken from Foster. The Commonwealth never proved a second taking from the person of Meade. In *Jordan*, multiple prosecutions were permissible because the facts in that case proved that the defendant used violence to extract money separately from the physical possession of several distinct victims. In the case before us, however, only one person surrendered money to Sullivan. A single taking gives rise to a single robbery. Contrary to the rule established in *Jordan*, the Commonwealth sought to prove that Sullivan robbed Meade by using as its "unit of prosecution" the number of employees present during the robbery. We clearly stated in *Jordan* that "the appropriate 'unit of prosecution' is determined by the number of persons from whose possession property is taken separately by force or intimidation." 2 Va. App. at 596, 347 S.E.2d at 156 (citation omitted). Therefore, the evidence in this case proved that only one robbery occurred.

*Jordan* does not stand for the proposition that the appropriate "unit of prosecution" is determined by the number of persons from whose "constructive" possession property is taken by force or intimidation. Such an interpretation would fix the number of prosecutions by the number of employees present in the store at the time of the robbery. Under the majority's holding, had there been twenty employees who were forced to move to the rear of the store, the defendant could have been convicted of twenty robberies if he made one employee turn over money belonging to the store. Such a result would "be absurd and one that would serve no useful purpose." *State v. Johnson*, 740 P.2d 337, 340 (Wash. Ct. App. 1987). Because there was only one taking in this case, defendant committed only one robbery. To allow multiple prosecutions for robbery based solely on constructive possession by the additional "victims" would be constitutionally impermissible.

Although the resolution of this matter may have been clearer if Sullivan had raised it in the context of the sufficiency of the evidence to support the conviction for robbery of Meade, it is beyond dispute that, as a consequence of *Jordan*, the trial judge's imposition of separate convictions and sentences for the Foster and Meade charges punished Sullivan twice for the same offense. Such punishment is explicitly barred by the double jeopardy clauses of the Fifth Amendment to the United States Constitution, as well as Article I, § 8 of the Virginia Constitution. Therefore, I would reverse the convictions of robbery and use of a firearm in the commission of a robbery against Meade.