COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Willis and Overton
Argued at Norfolk, Virginia


DAVID S. SHEARS
                                        OPINION BY
v.        Record No. 1928-95-1    JUDGE JOSEPH E. BAKER
                                      NOVEMBER 5, 1996
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                    John D. Gray, Judge

          Oldric J. LaBell, Jr., for appellant.

          Eugene Murphy, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.



     David S. Shears (defendant) was convicted in a bench trial

on separate indictments charging two offenses of cocaine

possession with intent to distribute, two related firearm charges

and possession of marijuana with intent to distribute.  He

complains on appeal that the trial court erroneously admitted

evidence gathered during an unlawful search and seizure and

wrongfully convicted him of the two cocaine offenses arising from

a single act of possession.  He also challenges the sufficiency

of the evidence to support the marijuana conviction.  Finding no

error, we affirm the trial court.

     The Commonwealth's evidence is uncontradicted.  Hampton

Police Detective Olen Payne, assisted by Detectives John Decker

and others, was pursuing an arrest of Clyde Boyce on "outstanding

murder warrants."  Planning to entice Boyce into custody, police

enlisted an informant to telephone Boyce, a known narcotics

dealer, and solicit a drug purchase from him. After the informant confirmed the contact with Boyce, the detectives secreted themselves in and about the informant's mobile home and awaited Boyce's arrival to consummate the transaction. Boyce reputedly delivered drugs "moments" after a "call," and, within a "few minutes," an automobile arrived and defendant exited and entered the trailer.

Hidden in the rear of the residence, Detective Payne observed defendant and heard him declare, "This better not be no set up," to someone in the kitchen area. Although Payne had never before seen either Boyce or defendant, defendant's appearance was consistent with the physical description of Boyce which, together with the attendant circumstances, prompted Payne to mistakenly identify defendant as Boyce. Intending to then effect an arrest of Boyce, Payne, assisted by other officers, forced defendant to the floor and handcuffed him. Immediately thereafter, police discovered a "small bag" of cocaine on the kitchen floor, "right at that point where [defendant] initially was standing." A "similar bag" was found by Detective Burton in defendant's trouser pocket during a search incidental to arrest.[1]

While still at the scene, Detective Burton advised defendant of his Miranda rights and asked, "how long had he been selling crack cocaine?" Defendant responded, "a couple of weeks," and

---

[1]Defendant was initially arrested pursuant to the outstanding felony warrant for Boyce. Detective Burton made a subsequent arrest for possession of the cocaine.

provided Burton with the address of a residence which he shared with his uncle, Mollow Shears, the individual who had accompanied defendant to the informant's trailer. Based upon this information, Detective Decker then obtained and executed a search warrant for the Shears' residence.

The ensuing search revealed a large cache of narcotics and handguns, together with "personal papers" belonging to defendant, located in one of two bedrooms in the home. Documents related to defendant included his operator's license, birth certificate, GED diploma and current motor vehicle registration. Also in this room, Decker found numerous "plastic bags" containing cocaine, plastic bags concealing twenty-eight individual packages of marijuana, aggregating 86.6 grams at analysis, a "pager," $1,517.50 in cash and coin, and several firearms. A "set" of scales was found in the kitchen area of the home. Additionally, a pistol "box" was discovered in the bedroom bearing the make, model and serial number of a firearm discovered in the car which brought defendant to the informant's trailer.

THE SEARCH

Defendant first contends that the trial court erroneously declined to suppress all evidence seized by police, arguing that it resulted from an "illegal" initial arrest.

Upon appeal from a trial court's denial of a motion to suppress, we must review the evidence in the light most favorable to the prevailing party, granting to it all reasonable inferences

fairly deducible therefrom.  Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991); Reynolds v. Commonwealth, 9 Va. App. 430, 436, 388 S.E.2d 659, 663 (1990). Determinations of reasonable suspicion and probable cause require de novo review on appeal.  Ornelas v. United States, 116 S. Ct. 1657, 1663 (1996).  However, a trial court's "findings of historical fact" should be reviewed only for "clear error." Moreover, "due weight" must be given to "inferences drawn from those facts by resident judges and local law enforcement officers," and to "a trial court's finding that [an] officer was credible and [that his or her] inference was reasonable."  Id.

Defendant's argument implicitly acknowledges the long recognized principle which permits warrantless searches of persons lawfully arrested.  However, his assertion that the police lacked probable cause to arrest in this instance ignores the inherent authority of the outstanding felony warrant which generated the police action.  Probable cause justifying the arrest of the person named in the warrant was established upon the issuance of that process.  See Code § 19.2-72.  While the record does not confirm that Detective Payne actually possessed the warrant, he was, nevertheless, privy to its contents and existence and, therefore, both empowered and duty bound to arrest the named accused, Clyde Boyce.  Crowder v. Commonwealth, 213 Va. 151, 152-53, 191 S.E.2d 239, 239-40 (1972); see Code § 19.2-81. The ruse employed by the detectives to lure Boyce to the trailer

- 4 -

would not have tainted his arrest pursuant to the existing warrant.  See Limonja v. Commonwealth, 8 Va. App. 532, 538-39, 383 S.E.2d 476, 480 (1989) (en banc), cert. denied, 495 U.S. 905 (1990).

These principles are equally controlling "[i]f the police have a valid arrest warrant for one person and they reasonably and in good faith arrest another."  United States v. McEachern, 675 F.2d 618, 621 (4th Cir. 1982) (citing Hill v. California, 401 U.S. 797, 802-04 (1971)); see also 3 Wayne R. LaFave, Search & Seizure § 5.1(g), at 56-57 (3d ed. 1996).  Thus, given probable cause to arrest Boyce pursuant to the warrant, "the only issue is whether [Detective Payne's] mistaken belief that [Boyce] and [defendant] were one and the same person was reasonable and in good faith."  McEachern, 675 F.2d at 621; see also Hill, 401 U.S. at 802-04; DeChene v. Smallwood, 226 Va. 475, 479, 311 S.E.2d 749, 751, cert. denied, 469 U.S. 857 (1984).

It is uncontroverted that the detectives were vested with the authority of the warrant for Boyce when defendant was arrested at the informant's trailer.  The informer was instructed to telephone Boyce, an individual known to police as a drug dealer reputed for quick response to solicitations.  Within minutes after the informer advised the detectives that he had contacted Boyce as directed, defendant arrived and entered the trailer.  The detectives had previously seen neither defendant nor Boyce, but defendant's appearance was consistent with Boyce's

- 5 -

"general description," and his comments were suggestive of an impending narcotics transaction.  Under such circumstances, the police clearly acted both in good faith and reasonably in arresting defendant, as Boyce, albeit in error.

## DOUBLE JEOPARDY

Defendant next argues that the cocaine possessed at the informant's trailer and at his residence constituted a single offense, a "long transaction of illegal possession," multiple prosecutions for which violated the double jeopardy proscriptions of the United States Constitution.

> The Double Jeopardy Clause of the Fifth Amendment protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense.

Brown v. Ohio, 432 U.S. 161, 165 (1977); see U.S. Const. amend. V; Va. Const. art. I, § 8; Sullivan v. Commonwealth, 16 Va. App. 844, 846, 433 S.E.2d 508, 509-10 (1993) (en banc).  "The issue of multiple punishments actually arises in two contexts.  First, two or more statutes . . . proscribe . . . particular . . . conduct as criminal offenses.  Second, . . . conduct may constitute more than one violation of a single criminal proscription."  Jordan v. Commonwealth, 2 Va. App. 590, 593, 347 S.E.2d 152, 154 (1986) (citations omitted).  Here, defendant asserts that he was unconstitutionally punished by convictions on two indictments arising from a single criminal enterprise, the possession of

- 6 -

cocaine with intent to distribute in violation of Code
§ 18.2-248.[2]

"When considering multiple punishments for a single
transaction, the controlling factor is legislative intent."
Kelsoe v. Commonwealth, 226 Va. 197, 199, 308 S.E.2d 104, 104
(1983).  The legislature "may determine the appropriate 'unit of
prosecution' and set the penalty for separate violations."
Jordan, 2 Va. App. at 594, 347 S.E.2d at 154.  Therefore,
although multiple offenses may be the "same," an accused may be
subjected to legislatively "authorized cumulative punishments."[3]
 Id.  It is judicial punishment in excess of legislative intent
which offends the double jeopardy clause.  Id.

In enacting Code § 18.2-248, the General Assembly declared
it "unlawful for any person to . . . sell, . . . or possess with
intent to . . . sell . . . a controlled substance."  Code
§ 18.2-248(A).  Code § 18.2-248(C) prescribes the punishment for
"[a]ny person who violates this section with respect to a
controlled substance classified in Schedule I or II."[4]  The

---

[2]Because defendant was tried simultaneously on both
indictments, multiple prosecution for a single act or offense was
not in issue.  Clagett v. Commonwealth, 252 Va. 79, 95, 472
S.E.2d 263, 272 (1996).

[3]The well established Blockburger test, applicable "where
the same act or transaction constitutes a violation of two
distinct statutory provisions," is irrelevant in this context.
Blockburger v. United States, 284 U.S. 299, 304 (1932).

[4]Cocaine is a Schedule II controlled substance.  Code
§ 54.1-3448.

- 7 -

gravamen of the offense is clearly possession of the specified drug with the requisite intent. Thus, each distinguishable incident of the offending conduct constitutes a "unit of prosecution" for violation of the statute. See, e.g., Kelsoe, 226 Va. at 198-99, 308 S.E.2d at 104 (defendant convicted of three violations for simultaneously brandishing the same firearm at three persons); Sullivan, 16 Va. App. at 847-48, 433 S.E.2d at 510-11 (defendant convicted of two robberies, and related firearm offenses, from two clerks at the same video store); Jordan, 2 Va. App. at 597, 347 S.E.2d at 156 (defendant convicted of two robberies, and related firearm offenses, from employees of a single restaurant).

Here, defendant does not dispute on appeal that he actually possessed cocaine at the informant's trailer for purposes of immediate distribution to a prospective buyer. Manifestly, such conduct constitutes a violation of Code § 18.2-248 separate from the constructive possession of like drugs elsewhere, despite a similar criminal purpose. Hence, defendant committed two distinct violations of a single criminal proscription and was appropriately subject to attendant cumulative punishments.

### SUFFICIENCY

Lastly, defendant asserts that the evidence failed to establish the requisite intent to distribute the marijuana. In reviewing this challenge to the conviction, we must consider the evidence in the light most favorable to the Commonwealth. Martin

- 8 -

v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Defendant's conviction required the Commonwealth to prove that he "'intentionally and consciously possessed' [marijuana], either actually or constructively, with knowledge of its nature and character, together with the intent to distribute it." Wilkins v. Commonwealth, 18 Va. App. 293, 298, 443 S.E.2d 440, 444 (1994) (en banc) (quoting Josephs v. Commonwealth, 10 Va. App. 87, 99-102, 390 S.E.2d 491, 497-99 (1990) (en banc)).

> [P]ossession of a controlled substance may be actual or constructive. "To support a conviction based upon constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which . . . [prove] that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'"

McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (citations omitted). "Because direct proof of [the] intent [to distribute] is often impossible, it must be shown by circumstantial evidence." Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). Circumstances relevant to proof of an intent to distribute include the "quantity of drugs and cash possessed, the method of packaging," Poindexter v. Commonwealth, 16 Va. App. 730, 735, 432 S.E.2d 527, 530 (1993), and the presence of paraphernalia related to distribution. Hambury v. Commonwealth, 3 Va. App. 435, 438, 350 S.E.2d 524, 525 (1986).

Here, a search of defendant's residence disclosed no less

than 86.6 grams of marijuana, packaged in twenty-eight individual plastic bags, in a bedroom of defendant's residence together with several documents, important and personal to defendant, and substantial cash and firearms. Elsewhere in the residence, police discovered scales. Significantly, defendant admitted to Detective Burton that he was then actively involved in the narcotics trade. Such evidence, considered with other facts and the circumstances established in the record, clearly supports the trial court's finding that defendant constructively possessed the marijuana found in his bedroom with the intent to distribute it.

Accordingly, we affirm the conviction.

<u>Affirmed.</u>