COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Humphreys and Senior Judge Hodges
Argued by teleconference


COMMONWEALTH OF VIRGINIA

                                                MEMORANDUM OPINION* BY
v.        Record No. 0767-04-1                  JUDGE WILLIAM H. HODGES
                                                     JULY 27, 2004

CHRISTOPHER WALLACE JOHNSON


           FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                         Joseph A. Leafe, Judge

        Leah A. Darron, Assistant Attorney General (Jerry W. Kilgore,
        Attorney General, on brief), for appellant.

        Jeffrey A. Swartz (Rabinowitz, Swartz, Taliaferro, Swartz &
        Goodove, P.C., on brief), for appellee.


        The Commonwealth appeals a decision of the trial court, pursuant to Code § 19.2-398,

suppressing evidence pertaining to Christopher Wallace Johnson's indictment for possession of

cocaine with intent to distribute, in violation of Code § 18.2-248.  The Commonwealth argues

the trial court erred in finding Johnson did not freely and voluntarily consent to a search of his

person while in police custody during a traffic stop.  For the reasons that follow, we affirm the

trial court's ruling.

                                    I.  Background

        When addressing an allegation of error arising from a ruling on a motion to suppress, we

review the evidence in the light most favorable to the party prevailing below, together with all

reasonable inferences that may be drawn.  See Smith v. Commonwealth, 41 Va. App. 704, 589

S.E.2d 17 (2003).  The burden to establish that the granting of the motion to suppress constituted

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

reversible error rests with the appellant.  See Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980).

The relevant facts in this case are not in dispute.  On October 30, 2003, at approximately 1:00 p.m., Officer John Kowalski, of the Norfolk City Police Department, was on patrol when he observed Johnson operating a vehicle and playing loud music.  Kowalski initiated a traffic stop for the misdemeanor offense concerning the loud music, and Johnson, the sole occupant of the vehicle, immediately stopped his car.  Kowalski approached the car while two other officers stood close by.  Kowalski observed a small television playing within Johnson's view, also a misdemeanor offense.  Kowalski asked for Johnson's license and registration.  Johnson "appeared to be very nervous."  He was "shaking," "stuttering," and "fumbling with the paperwork he had in his wallet."  Because of Johnson's nervousness, Kowalski ordered him to exit the vehicle.

Johnson faced the vehicle and placed his hands on the roof.  Kowalski conducted a pat-down search for weapons.  As noted by Johnson in his brief, following the pat-down search, Kowalski "asked for and received consent to perform a more thorough search of" Johnson's person.  During the second search, Kowalski recovered cocaine from Johnson's pants pocket.

Kowalski testified Johnson was not free to leave at the time of the search, he retained Johnson's license and registration, and he did not advise Johnson that Johnson could refuse the search.  In its ruling, the trial court noted Kowalski did not have "any suspicion" to conduct the second search.  The court concluded that the search was "not voluntary at that point where [Kowalski] still had [Johnson's] license" and where Johnson "still had . . . his hands on the car . . . ."

II. Analysis

On appeal, the Commonwealth argues that the trial court erred in finding Johnson's consent to the search was not voluntary.

On review of a motion to suppress,

> "[w]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*) (citing Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1659, 134 L. Ed. 2d 911 (1996)). However, we review *de novo* the trial court's application of defined legal standards such as probable cause and reasonable suspicion to the particular facts of the case. See Shears v. Commonwealth, 23 Va. App. 394, 398, 477 S.E.2d 309, 311 (1996); see also Ornelas, 517 U.S. at 699, 116 S. Ct. at 1659.

Hayes v. Commonwealth, 29 Va. App. 647, 652, 514 S.E.2d 357, 359 (1999).

"Voluntariness is a question of fact to be determined from all the circumstances . . . ." Schneckloth v. Bustamonte, 412 U.S. 218, 248-49 (1973); accord Limonja v. Commonwealth, 8 Va. App. 532, 540, 383 S.E.2d 476, 481 (1989) (*en banc*). The trial court must determine whether consent was voluntarily given and its finding on this factual issue will not be overturned on appeal unless plainly wrong. McFadden v. Commonwealth, 225 Va. 103, 108, 300 S.E.2d 924, 926 (1983); Commonwealth v. Ealy, 12 Va. App. 744, 753, 407 S.E.2d 681, 687 (1991).

The trial court found Johnson's consent to search his person was not voluntarily given. Upon review of the record, we find the trial court's determination is not plainly wrong. Johnson was in custody at the time of the search. He had his hands raised and was leaning against his vehicle. Kowalski had already ordered Johnson to exit the car and submit to a pat-down search, when, without informing Johnson of his right to refuse consent to the full search of his person, he asked Johnson for permission to conduct the second search.

The fact that a suspect is in custody or under investigative detention does not vitiate consent, Reynolds v. Commonwealth, 9 Va. App. 430, 388 S.E.2d 659 (1990), but whether the officers involved have made a display of authority or show of force is a factor for consideration, Johnson v. Commonwealth, 26 Va. App. 674, 689, 496 S.E.2d 143, 150 (1998). "Police need not warn the suspect that he or she has a right to refuse the search, but the suspect's knowledge of his or her right to refuse falls within the totality of the circumstances the court must consider." Commonwealth v. Rice, 28 Va. App. 374, 378, 504 S.E.2d 877, 879 (1998).

The fact that Johnson was in custody at the time of the search, coupled with the fact that he did not know that he had the right to refuse consent, supports the trial court's finding that Johnson did not voluntarily consent to the search. A review of the totality of the circumstances indicates Johnson did not freely and voluntarily consent to the full search of his person. Thus, the trial court properly suppressed the evidence derived from the second search.

For these reasons, we affirm the trial court's ruling suppressing evidence against Johnson.

Affirmed.