COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Kelsey and McClanahan
Argued at Richmond, Virginia


SHAWN ANDRE BARKSDALE

                                                            MEMORANDUM OPINION* BY
v.        Record No. 3028-03-2                       JUDGE D. ARTHUR KELSEY
                                                                 MARCH 29, 2005

COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF LUNENBURG COUNTY
                               William L. Wellons, Judge

              Buddy A. Ward, Public Defender (Office of the Public Defender,
              on brief), for appellant.

              John H. McLees, Senior Assistant Attorney General (Jerry W.
              Kilgore, Attorney General, on brief), for appellee.


       Shawn Andre Barksdale and an accomplice robbed at gunpoint two co-owners of a grocery

store, Frank and Judy Tanner.  With a rifle pointed at both Tanners, Barksdale's accomplice

demanded money from Frank Tanner.  As Frank Tanner backed away slowly from the robbers, Judy

Tanner reached into the cash register and gave the money to Barksdale — who, at that time, was

holding out his hand to receive it.[1]

       The trial court convicted Barksdale of two counts of robbery, Code § 18.2-58, and two

counts of using a firearm during the course of a felony, Code § 18.2-53.1.  Barksdale argues on

---

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

       [1] On appeal, we review the evidence in the "light most favorable" to the Commonwealth.
Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  That principle
requires us to "discard the evidence of the accused in conflict with that of the Commonwealth,
and regard as true all the credible evidence favorable to the Commonwealth and *all fair
inferences to be drawn therefrom*."  Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755,
759 (1980) (emphasis in original and citation omitted).

appeal that, as a matter of law, he cannot be convicted of robbing Frank Tanner because "the law limits the status of victim to those who are compelled to physically give over the demanded proceeds." Appellant's Brief at 9-10. We disagree.

Under Virginia law, separate robberies occur whenever each victim has constructive possession of property taken from his presence and each was subjected to the robber's intimidation. See Sullivan v. Commonwealth, 16 Va. App. 844, 848, 433 S.E.2d 508, 510-11 (1993) (*en banc*) (holding, for double jeopardy purposes, that the defendant "robbed each employee and, thus, committed two robberies" even though only one "physically surrendered money"); see also Clay v. Commonwealth, 30 Va. App. 254, 262, 516 S.E.2d 684, 687 (1999) (*en banc*) (affirming two robbery convictions where the robber took one victim's coat and another victim's money was in the coat pocket); Waters v. Commonwealth, 29 Va. App. 133, 138-39, 510 S.E.2d 262, 264-65 (1999) (affirming robbery conviction where the victim was locked in a closet while the robber took money from another employee, a co-conspirator); Lebedun v. Commonwealth, 27 Va. App. 697, 719, 501 S.E.2d 427, 437-38 (1998) (affirming conviction where robber took money from a cash register while the victim was "sequestered" in a storage room).

Our colleague in dissent argues that the stolen property must be "taken separately" from each victim. *Post*, at 3. But that assertion was rejected by the *en banc* holding in Sullivan, as well as the *ratio decidendi* of Clay, another *en banc* decision.[2] Under settled principles of *stare decisis*, we have no authority to revisit matters resolved by binding *en banc* precedent.

For these reasons, we affirm Barksdale's convictions.

<u>Affirmed.</u>

---

[2] *Stare decisis* applies "not merely to the literal holding of the case, but also to its *ratio decidendi* — the essential rationale in the case that determines the judgment." Newman v. Newman, 42 Va. App. 557, 566 n.1, 593 S.E.2d 533, 538 n.1 (2004) (*en banc*); Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 73-74, 577 S.E.2d 538, 540 (2003); see also Congdon v. Congdon, 40 Va. App. 255, 265, 578 S.E.2d 833, 838 (2003).

Benton, J., dissenting.

For the reasons stated in <u>Jordan v. Commonwealth</u>, 2 Va. App. 590, 347 S.E.2d 152 (1986), and in <u>Sullivan v. Commonwealth</u>, 16 Va. App. 844, 848-50, 433 S.E.2d 508, 510-11 (1993) (Benton, J., dissenting), I would hold that "[b]ecause the essential character of both Code § 18.2-58 and common-law robbery is violence against a person for the purpose of theft, . . . the appropriate 'unit of prosecution' is determined by the number of persons from whose possession *property is taken separately* by force or intimidation." <u>Jordan</u>, 2 Va. App. at 596, 347 S.E.2d at 156 (citations omitted) (emphasis added). The conviction of Barksdale for two robberies in this case is tantamount to applying an owner-based unit of prosecution, which is inconsistent with the essential character of common law robbery. Therefore, I would reverse one conviction for robbery and one conviction for use of a firearm in the commission of that robbery.