COURT OF APPEALS OF VIRGINIA


Present:    Judges Clements, Felton and McClanahan
Argued by teleconference


COMMONWEALTH OF VIRGINIA
                                        MEMORANDUM OPINION* BY
v.        Record No. 0324-04-1          JUDGE ELIZABETH A. McCLANAHAN
                                                JUNE 15, 2004
YONAS ERMIAS


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                          Frederick B. Lowe, Judge

          Michael T. Judge, Assistant Attorney General (Jerry W. Kilgore,
          Attorney General, on brief), for appellant.

          Larry B. Slipow (Melinda R. Glaubke; Slipow, Robusto & Kellam, P.C.,
          on brief), for appellee.


        The Commonwealth appeals a decision of the trial court, pursuant to Code § 19.2-398,

suppressing evidence pertaining to Yonas Ermias's indictment for possession of a firearm by a

convicted felon, in violation of Code § 18.2-308.2. The Commonwealth argues that the trial

court erred in finding that police lacked the requisite probable cause or reasonable suspicion to

conduct a warrantless, nonconsensual search of appellee's automobile after a traffic stop. For the

reasons that follow, we reverse the trial court's ruling and remand for further proceedings

consistent with this opinion.


---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. Background

When addressing an allegation of error arising from a ruling on a motion to suppress, we review the evidence in the light most favorable to the party prevailing below, together with all reasonable inferences that may be drawn. See Smith v. Commonwealth, 41 Va. App. 704, 712, 589 S.E.2d 17, 21 (2003). So reviewed, the uncontested evidence showed that in June 2003, at approximately 1:00 a.m., Virginia Beach Police Officer Peter Slovensky observed a vehicle pull out in front of a pickup truck he was following, causing the driver of the pickup truck to jam on its brakes and swerve. Slovensky stopped the vehicle for failure to yield. The vehicle was driven by the appellee, Ermias, and was also occupied by a passenger.

While Slovensky and Ermias were slowing their vehicles to a stop, Slovensky noticed Ermias reach behind his seat and grab a piece of clothing. He testified that he initially thought that Ermias was reaching for his license. Upon stopping, Slovensky approached the vehicle, and, while asking Ermias for his license and registration, noticed that Ermias was holding a bottle of liquor between his legs. The bottle was capped, but was not full. Ermias told Slovensky that the bottle belonged to the passenger. Slovensky also noticed two other liquor bottles on the passenger floorboard, one empty and one full, and that the rear seat was cluttered with "stuff." After obtaining Ermias's information, Slovensky walked to the other side of the vehicle to speak with the passenger.

During his conversation with the passenger, Slovensky noticed an empty leather scabbard, or knife sheath, about 9-10 inches long on the floor of the vehicle near the center console. Slovensky said he did not see a knife in the vehicle. He testified, "When I saw the sheathe [sic] at that time of the night, I wasn't sure what was in the car or what they may have on their person; so I took more precautions to protect my safety." Slovensky stated he was protecting his safety from "the knife that the sheathe [sic] belonged to." He stated that he knew

that sheaths were not typically sold without a knife. Slovensky asked the passenger to step out of the vehicle.

Following a pat down, Slovensky asked the passenger if there was a knife in the vehicle. The passenger told Slovensky that there was not. Slovensky then asked the passenger to take a seat in his patrol car. Slovensky returned to the vehicle and advised Ermias that because of the open liquor bottles and the knife sheath he was going to search the vehicle.

When asked repeatedly to step out of the vehicle, Ermias refused. Slovensky tried, unsuccessfully, to unfasten Ermias's seat belt in order to remove him from the vehicle. Slovensky eventually removed Ermias from the vehicle after his supervising officer, who arrived on the scene after the initial stop, threatened to use pepper spray.

Upon a search of the vehicle, Slovensky found a shotgun on the backseat under a leather jacket, which Slovensky recognized as the piece of clothing that Ermias had been manipulating just prior to the stop. Slovensky also found shotgun shells in the trunk. He did not find a knife in the vehicle.

At the hearing on the motion to suppress, the Commonwealth argued that Slovensky had, because of the empty knife sheath, at least, reasonable suspicion to search the vehicle due to concern for his own safety. The trial court granted the motion to suppress, finding that, although the traffic stop was proper, "there did not exist sufficient probable cause to search the vehicle." The court did not make any findings with regard to reasonable suspicion.

## II. Analysis

The burden to establish that the denial of the motion to suppress constituted reversible error rests with the appellant, here the Commonwealth. See Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980). On review of a motion to suppress,

> "we are bound by the trial court's findings of historical fact unless
> 'plainly wrong' or without evidence to support them[,] and we give

- 3 -

due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)). However, we review *de novo* the trial court's application of defined legal standards such as probable cause and reasonable suspicion to the particular facts of the case. See Shears v. Commonwealth, 23 Va. App. 394, 398, 477 S.E.2d 309, 311 (1996); see also Ornelas, 517 U.S. at 699.

Hayes v. Commonwealth, 29 Va. App. 647, 652, 514 S.E.2d 357, 359 (1999). In this case, the facts that are relevant to the suppression motion are uncontested. Therefore, we review only the legal question of whether the police officer had reasonable suspicion to search the car based on these facts.

Upon the lawful stop of an automobile, when police officers reasonably believe the occupants to be dangerous with the ability to gain control of a weapon in the vehicle, the officers may search the portions of the vehicle's passenger compartment where a weapon may be hidden. See Michigan v. Long, 463 U.S. 1032, 1049 (1983) (citing Terry v. Ohio, 392 U.S. 1, 21 (1968)).

The validity of a seizure "'turns on an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time,' and not on the officer's actual state of mind at the time the challenged action was taken." Maryland v. Macon, 472 U.S. 463, 470-71 (1985) (quoting Scott v. United States, 436 U.S. 128, 136 (1978)). "[T]he issue is whether a reasonable prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." Terry, 392 U.S. at 27.

Under the facts of this case, the vehicle was the subject of a lawful traffic stop. It was 1:00 a.m. Slovensky had seen Ermias manipulating a piece of clothing in the vehicle when he was slowing down to obey Slovensky's command to stop. When Slovensky approached the vehicle, he noticed that Ermias was holding a partially empty liquor bottle between his legs. He also noticed other open liquor bottles and an empty knife sheath. It was reasonable for him to be

concerned for his safety upon seeing the empty sheath of a 9-10 inch knife, which may have been unlawfully concealed on Ermias, the passenger, or in the vehicle. See Code § 18.2-308(A) (prohibiting a person from carrying certain knives or weapons hidden from common observation). The interior of the vehicle was cluttered with items, preventing Slovensky from observing whether the vehicle contained the knife.

While Ermias was still seated in the vehicle, the passenger denied that there was a knife. Slovensky was entitled to disbelieve the passenger. When Slovensky told Ermias he was going to search the car because of the open containers and the knife sheath, Ermias refused to exit the vehicle. It was only upon the threat of the use of pepper spray that Ermias complied. Ermias's behavior also contributed to Slovensky's concerns for his safety.

Once Ermias exited the vehicle Slovensky searched for the knife. During that search, Slovensky did not recover the missing knife, but did discover the shotgun, which was hidden under the jacket that Ermias had been manipulating just prior to the stop. "The purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence." Adams v. Williams, 407 U.S. 143, 146 (1972). "If the officer 'should . . . discover contraband . . .' during this investigation, 'he . . . cannot be required to ignore [it], and the Fourth Amendment does not require its suppression in such circumstances.'" Pierson v. Commonwealth, 16 Va. App. 202, 204, 428 S.E.2d 758, 760 (1993) (quoting Long, 463 U.S. at 1050). Upon discovery, Slovensky lawfully seized the evidence.

Under the particular facts of this case, we hold that the police officer had reasonable suspicion to search the car.[1] For that reason, we reverse the decision of the trial court suppressing evidence obtained from the search.

---

[1] Because we find that the police officer had reasonable suspicion to search the car, we need not address the probable cause basis upon which the trial court denied the motion to suppress. See United States v. Arvizu, 534 U.S. 266, 273 (2002); see also Clarke v.

III.  Conclusion

Accordingly, we reverse the trial court's ruling suppressing evidence against Ermias and remand for further proceedings consistent with this opinion.

Reversed and remanded.

---

Commonwealth, 32 Va. App. 286, 295, 527 S.E.2d 484, 488 (2000) (the test for reasonable suspicion is "less stringent than the test for probable cause").