Present:  All the Justices

QAADIR TARIQ HASAN

v.  Record No. 080030        OPINION BY JUSTICE DONALD W. LEMONS
                                      OCTOBER 31, 2008
COMMONWEALTH OF VIRGINIA

                FROM THE COURT OF APPEALS OF VIRGINIA


     In this appeal, we consider whether evidence of a

defendant's response to a police officer's question regarding

the presence of a weapon in a vehicle should have been

suppressed in the absence of Miranda warnings.  For the

reasons stated below, we will reverse the judgment of the

Court of Appeals of Virginia.

                I.  Facts and Proceedings Below

     On May 30, 2004, Newport News Police officers received a

radio transmission for a "be-on-the-lookout" ("BOL")

concerning an armed robbery that had occurred in the city.

Officers Sutton and Grace of the Newport News Police

Department received this BOL, which notified officers to look

for "a black, square body, older model Chevy Impala [with] a

window shattered but . . . still intact on the passenger side

of the vehicle."  The vehicle was described as having a

"[p]artial tag . . . of JHM or JMH [and] was being operated by

a black male driver with another black male passenger."

Not long after receiving the BOL, Officer Sutton observed a black, older model Chevy Impala with the front passenger window shattered but still intact, with the first letters on the license plate, "JMH." Officers Sutton and Grace followed the vehicle and called for assistance with the ensuing traffic stop. After stopping the suspected vehicle, the officers used a public announcement system from one of the police cars to initially communicate with the driver and passenger.

At the beginning of this encounter, there were three or four police officers present and as many as two to four additional officers arrived during the traffic stop, for a total of six to eight officers. There was also a K-9 unit at the scene, and the various officers present had both handguns and shotguns drawn.

The defendant, Qaadir Tariq Hasan ("Hasan"), was the driver and the first occupant removed from the vehicle. Officer Sutton "patted him down" for weapons and then placed him in handcuffs. At least five other officers were standing around Officer Sutton and Hasan in a "cone" formation. None of the officers informed Hasan of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), at any time prior to the question and answer that are the major focus of this appeal.

Officer Sutton asked Hasan if there were any weapons in the vehicle, and Hasan responded that there was a handgun

under the driver's seat.  The other occupant of the vehicle was still in the vehicle, and Officer Sutton testified that he asked whether there were any weapons in the car for "officer safety" because "[i]f there's another occupant in that vehicle and we are stopping that vehicle for a violent felony, I'm going to ask that question regardless."

Officer Sutton notified other police officers present that there was a weapon in the vehicle and, once the passenger was removed from the vehicle, Officer Grace found the weapon under the driver's seat where Hasan indicated it would be located.  Subsequent investigation revealed that Hasan and the passenger were not involved in the robbery.

Hasan was indicted for carrying a concealed weapon, second or subsequent offense, and possession of a firearm by a convicted felon.  He filed a motion to suppress "any and all evidence as well as the fruits derived therefrom, resulting from the statements taken from the defendant at the time of the defendant's arrest," arguing that the officers should have read him his rights under Miranda before posing the question about weapons.  The trial court denied the motion to suppress.

Hasan entered a conditional plea of guilty, reserving the right to challenge on appeal the trial court's denial of his motion to suppress and to withdraw his plea if successful. The Commonwealth consented to this conditional plea and the

trial court approved it, as required by Code § 19.2-254.  Upon

entering this conditional plea, Hasan was found guilty of both

offenses.  He was sentenced to two years' incarceration with

both years suspended for carrying a concealed weapon, and five

years with three years suspended for possession of a firearm

by a convicted felon.

Hasan appealed to the Court of Appeals of Virginia which

affirmed the judgment of the trial court in an unpublished

opinion.  The Court of Appeals held that

> [t]he only issue on appeal is whether appellant
> was "in custody" for practical purposes at the
> time he was asked about "weapons in the
> vehicle." . . .  Although appellant was told to
> exit his car under conditions of a "high-risk"
> traffic stop with between three and eight police
> officers present, and although he was patted
> down and handcuffed, appellant was not taken to
> a patrol car prior to questioning. . . .  [W]e
> cannot say that a reasonable person in
> appellant's position would understand that he
> was "in custody" at the moment he was
> questioned.  The trial court therefore did not
> err in denying appellant's motion to suppress.

Hasan v. Commonwealth, Record No. 2435-06-1, slip op. at 2-4

(Dec. 27, 2007).  Hasan appeals to this Court upon one

assignment of error: "The Court of Appeals erred in affirming

the trial court's denial of Hasan's motion to suppress the

statements he made to police in the absence of a Miranda

warning."

## II.  Analysis

4

### A. Standard of Review

When reviewing a trial court's denial of a defendant's motion to suppress evidence,

> we consider the evidence "in the light most favorable to the Commonwealth," McCain v. Commonwealth, 261 Va. 483, 490, 545 S.E.2d 541, 545 (2001), and "accord the Commonwealth the benefit of all inferences fairly deducible from the evidence." Riner v. Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004). . . . The defendant bears the burden of establishing that the denial of his suppression motion was reversible error.

Glenn v. Commonwealth, 275 Va. 123, 130, 654 S.E.2d 910, 913 (2008).

### B. The Court of Appeals Erred in Affirming the Trial Court's Holding that Hasan Was Not In Custody

Hasan argues that his statement to police about the presence of a handgun in the vehicle should have been suppressed in the absence of Miranda warnings. The United States Supreme Court held in Miranda that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination" guaranteed by the Fifth Amendment. 384 U.S. at 444. "The safeguards required by Miranda must be afforded to a suspect as soon as the police have restricted his freedom of action to a 'degree associated with formal arrest.' " Dixon v. Commonwealth, 270

5

Va. 34, 39, 613 S.E.2d 398, 400 (2005) (quoting Berkemer v. McCarty, 468 U.S. 420, 440 (1984)).

The relevant inquiry to determine if a suspect is in custody is "how a reasonable person in the suspect's situation would have understood his circumstances." Id. at 40, 613 S.E.2d at 401. As the United States Supreme Court has noted, "the circumstances of each case must certainly influence a determination of whether a suspect is 'in custody' for purposes of receiving Miranda protection." California v. Beheler, 463 U.S. 1121, 1125 (1983). Among the circumstances courts consider in determining whether a suspect is in custody are whether police were able to physically seize the suspect, whether the suspect was physically restrained, whether firearms were drawn, whether there was physical contact between police and the suspect, whether the suspect was confined in a police car, whether police told the suspect he or she was free to leave, whether police engaged in other incidents of formal arrest such as booking, whether friends or relatives of the suspect were present, and whether more than one officer was present. 2 Wayne R. LaFave et al., Criminal Procedure § 6.6(f) (3d ed. 2007). Of equal importance are the officers' demeanor during the encounter, the length of the questioning, and the nature of the questions asked, id., the location of the encounter, id. at § 6.6(d), and whether the

subject was uniquely susceptible to intimidation, id. at § 6.6(c). However, this list is not exhaustive, and other circumstances might bear on the question whether police have curtailed a particular suspect's freedom to a "degree associated with a formal arrest." Beheler, 463 U.S. at 1125.

The Court of Appeals held that Hasan was not "in custody" and therefore Miranda warnings were not necessary. We disagree. Prior to the questioning at issue here, the officers had stopped Hasan, and using a public announcement system, ordered him to drop the car keys and get out of the car. He was immediately surrounded by officers with drawn handguns and shotguns trained upon him. The nature of the detention was not similar to an ordinary traffic stop. Hasan was directed to a location between two police cars, frisked for weapons, and handcuffed. The circumstances under which Hasan was questioned, particularly the number of officers present, the coercive character of the encounter, and the degree to which Hasan was restrained suggest that a reasonable person in Hasan's place would have considered himself to be in police custody. Dixon, 270 Va. at 39-40, 613 S.E.2d at 400-01.

The Court of Appeals' determination that Hasan was not in custody relied heavily on the fact that Hasan was not placed in a patrol car before being questioned by police. In Dixon,

7

we noted that "the presence of either [handcuffing the defendant or placing him in a locked police car], in the absence of the other, may not result in a curtailment of freedom ordinarily associated with a formal arrest."  270 Va. at 41, 613 S.E.2d at 401.

However, several factors not present in Dixon distinguish this case.  For example, the defendant in Dixon did not face drawn weapons or a readily available K-9 unit, and at the time of the custodial interrogation, only one trooper was interacting with the defendant.  See id. at 37-38, 613 S.E.2d at 399-400.  In contrast, Hasan was confronted during questioning with both drawn guns and a K-9 unit close by, and was surrounded by a "cone" consisting of multiple officers.

Accordingly, we hold that a reasonable person in Hasan's position "would have understood that his freedom was being restricted to a degree associated with a formal arrest." Dixon, 270 Va. at 40, 613 S.E.2d at 401.  Because Hasan was in custody when he was questioned but had not been given Miranda warnings, the Court of Appeals' affirmance of the trial court's denial of Hasan's motion to suppress was erroneous.

Finally, the Commonwealth argues that a reversal of Hasan's conviction would be improper because evidence of the weapon in the car would have been admissible under the doctrine of "inevitable discovery," or because Officer

8

Sutton's question was justified by the "public safety" exception to the requirements of <u>Miranda</u>. These arguments, which are in the nature of a harmless error analysis, are inapplicable to this case. Even if the Commonwealth is correct about the inevitable discovery of the weapon or the application of the public safety exception, Hasan entered a conditional guilty plea pursuant to Code § 19.2-254, which provides in part that "[i]f the defendant prevails on appeal, he shall be allowed to withdraw his plea." Hasan has prevailed on appeal regarding suppression of the statement at issue in this case. He is entitled by statute to withdraw his plea. Hasan must be given the opportunity to reassess the admissible evidence that may be used against him and, if the Commonwealth wishes to continue its prosecution, demand a trial if he so desires.

### III. Conclusion

For the reasons stated, we hold that the Court of Appeals erred in affirming Hasan's convictions. Accordingly, we will reverse the judgment of the Court of Appeals and remand with instructions that this matter be remanded to the trial court for a new trial, if the Commonwealth so elects, in accordance with the principles expressed in this opinion.

<u>Reversed and remanded</u>.