COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Haley and Senior Judge Bumgardner
Argued at Richmond, Virginia


GERALD LORENZO ANDERSON

                                                  MEMORANDUM OPINION* BY
v.        Record No. 2182-07-2            JUDGE RUDOLPH BUMGARDNER, III
                                                       MARCH 17, 2009
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                          Clarence N. Jenkins, Jr., Judge

             Jessica M. Bulos, Assistant Appellate Defender, for appellant.

             Kathleen B. Martin, Senior Assistant Attorney General (Robert F.
             McDonnell, Attorney General; Virginia B. Theisen, Senior Assistant
             Attorney General, on brief), for appellee.


        Gerald Lorenzo Anderson appeals his conviction of possession of a firearm by a felon,

Code § 18.2-308.2.  After the trial court denied his motion to suppress, the defendant entered a

conditional guilty plea.  He contends the trial court erred (1) by admitting statements made

before the police advised him of his Miranda rights, (2) by admitting additional statements made

after he received Miranda warnings, and (3) by admitting evidence obtained as a result of an

unlawful detention.  We conclude the trial court properly denied the motion to suppress and

affirm the conviction.

        "We are bound by the trial court's findings of historical fact unless 'plainly wrong' or

without evidence to support them[,] and we give due weight to the inferences drawn from those

facts by resident judges and local law enforcement officers."  McGee v. Commonwealth, 25

Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas v. United States, 517

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

U.S. 690, 699 (1996)). However, we review *de novo* the trial court's application of defined legal standards to the particular facts of the case. See Ornelas, 517 U.S. at 699; Hayes v. Commonwealth, 29 Va. App. 647, 652, 514 S.E.2d 357, 359 (1999); Shears v. Commonwealth, 23 Va. App. 394, 398, 477 S.E.2d 309, 311 (1996).

Officer Dean Waite was off-duty working at a private apartment complex to enforce its no trespassing policy. He was in uniform, wearing his badge, and carrying his weapon. He observed the defendant talking to a woman in a parked car, but he did not recognize the defendant or the woman as residents. As the officer got out of his car to approach them, the defendant looked at him and then began walking away. When the officer asked to speak with the defendant, he turned and ran. The officer gave chase twice yelling "police."

The defendant fell down two times. The second time, the officer saw him reach into his pocket and throw a silver object. The defendant then lay down on the ground. The officer told the defendant to roll onto his stomach and sat on top of the defendant while handcuffing him. In the place where the officer saw the defendant throw the silver object, the officer saw a silver gun on the ground and asked, "Is it loaded?" The defendant replied, "Yeah, there can be one in it."

The officer retrieved a .38 caliber pistol. He put it in his pocket, and took it and the defendant back to his car, which was two apartment buildings away. There he met a back-up officer and gave him the pistol to unload. The officer verified the defendant's identity but learned the defendant was a felon and the gun was stolen. At that point the officer arrested the defendant for possessing the firearm and then advised him of his Miranda rights. The defendant acknowledged that he understood his rights and answered questions with an explanation of how and why he obtained the gun.

The defendant challenges the admission of his initial response to the question of whether the gun was loaded. He argues the question was impermissible because he was in custody when the officer asked the question before advising the defendant of his Miranda rights.

"If a reasonable person in the suspect's position would have understood that he or she was under arrest, then the police are required to provide Miranda warnings before questioning." Harris v. Commonwealth, 27 Va. App. 554, 564, 500 S.E.2d 257, 262 (1998). Hasan v. Commonwealth, 276 Va. 674, 667 S.E.2d 568 (2008), held the defendant was in custody when he was ordered out of his car, surrounded by six to eight officers with drawn weapons, handcuffed, and placed in a police vehicle.

> Among the circumstances courts consider in determining whether a suspect is in custody are whether police were able to physically seize the suspect, whether the suspect was physically restrained, whether firearms were drawn, whether there was physical contact between police and the suspect, whether the suspect was confined in a police car, whether police told the suspect he or she was free to leave, whether police engaged in other incidents of formal arrest such as booking, whether friends or relatives of the suspect were present, and whether more than one officer was present.

Id. at 679-80, 667 S.E.2d at 571 (citation omitted).

We need not decide whether the facts in Hasan are sufficiently similar to control the decision in this case. While the trial court concluded the defendant was not in custody, it held in the alternative that the public safety exception to the rule in Miranda applied.[1] New York v. Quarles, 467 U.S. 649 (1984), held the "need for answers to questions in a situation posing a

---

[1] In Hasan, 276 Va. at 681, 667 S.E.2d at 572, the Supreme Court concluded the Commonwealth's argument that the officer's question was justified by the public safety exception was "in the nature of a harmless error analysis." It held Hasan was entitled to withdraw his plea because he had entered a conditional guilty plea. In this case, the trial court specifically ruled not only that the defendant was not in custody, but also, in the alternative, that the public safety exception applied.

threat to the public safety outweighs the need for the prophylactic rule protecting the Fifth Amendment's privilege against self-incrimination." Id. at 656.

This Court applied the public safety exception in Shelton v. Commonwealth, 34 Va. App. 109, 538 S.E.2d 333 (2000). The police apprehended Shelton after they had learned that he robbed a taxicab at gunpoint. When they caught Shelton in a residential neighborhood near a school, they handcuffed and searched him but did not find a gun on him. Before reading the defendant his Miranda rights, an officer asked where was the weapon. This Court held the officers had not violated the defendant's rights under the Fifth Amendment because "[t]he circumstances posed the risk that a resident of the neighborhood or a school child 'might later come upon [the gun].'" Id. at 118, 538 S.E.2d at 337 (quoting Quarles, 467 U.S. at 657).

Similarly in this case, the gun lay five feet from the officer as he subjected the defendant to his control. They were in a public area in the afternoon and some distance from any back-up support. To protect the general public and himself, the officer needed to know whether the weapon was loaded and an immediate danger as it lay. The single question asked was necessary to determine how best to address the situation that the officer faced. As the trial court noted, if the gun was loaded "something bad could happen."

"[T]he availability of [the public safety] exception does not depend upon the motivation of the individual officers involved." Quarles, 467 U.S. at 655-56. The exception is established when the evidence proves "an objectively reasonable need to protect the police or the public from any immediate danger associated with [a] weapon." Id. at 659 n.8. We conclude the public safety exception to the Miranda requirements permitted the trial court to admit the defendant's response to the officer's question.

The defendant asserts the trial court erred by admitting the statements he made after receiving Miranda warnings. He contends the first, unwarned statement tainted the statements he made after being advised of his rights.

Because Miranda warnings were not required, the failure to give them could not taint statements made after the defendant received the warnings. This case is an exception to the requirements of Miranda, and the holdings of Oregon v. Elstad, 470 U.S. 298 (1985), and Missouri v. Seibert, 542 U.S. 600 (2004), do not apply.

Finally, the defendant maintains on appeal that the officer had no reasonable, articulable suspicion that would have permitted him to detain the defendant. However, Rule 5A:18 bars our consideration of this question on appeal. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18.

The defendant's written motion to suppress included only a broad statement that "the police illegally seized certain items, things, testimony and identification from Defendant, in gross and utter violation of [his] rights under the Fourth, Fifth, and Fourteenth Amendments of the Constitutions [sic] of the United States." At the suppression hearing, the defendant made no specific argument challenging his detention. Similarly, his written motion for a rehearing on the suppression issue includes no argument that the police lacked reasonable suspicion of criminal activity. In fact, at a hearing after the suppression hearing, the trial court specifically noted that the defendant's "argument was a 5th Amendment argument. It was really a 4th Amendment issue, is what it could have been. But it was a 5th Amendment argument. And based upon that we ruled against you."

Though the trial court nearly implored the defendant to present a Fourth Amendment argument, he did not. The trial court made no ruling on any Fourth Amendment challenge.

When a defendant raises such an issue, it is his responsibility to obtain a ruling from the trial court. If the defendant fails to do this, then "there is no ruling for us to review on appeal." Ohree, 26 Va. App. at 308, 494 S.E.2d at 489. Accordingly, Rule 5A:18 bars our consideration of this question on appeal, and the record does not reflect any reason to invoke the good cause or ends of justice exceptions to that rule.

We conclude the trial court did not err by admitting the defendant's statements to police. Accordingly, we affirm the conviction.

Affirmed.