# CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Charles Westrip

April 26, 2010

Case No. CR 20760

BY JUDGE THOMAS D. HORNE

Defendant, Charles Westrip, is charged in a multi-count indictment with possession of child pornography. The charges arise out of the seizure of certain CD's allegedly containing pornographic materials. Seizure of the materials occurred at the Dulles International Airport located in Loudoun County, Virginia. They were discovered in a plastic bag found within a piece of luggage presented to customs officials upon the arrival of the defendant from a stay in the Philippines.

In motions filed and argued before the Court, the defendant asserts that statements made by the defendant to government agents upon his arrival were made without the benefit of *Miranda* warnings. It is his contention that this was a custodial interrogation. Accordingly he asserts the statements should be suppressed.

In another motion, he contends that the failure of the agents to tape-record the conversations, despite having the capacity to do so, constitutes a violation of his rights to due process under the Constitution. As a result of the alleged bad faith of the officers in failing to record the conversation, defendant asserts that he has been deprived of evidence favorable to him and that the charges should be dismissed.

Various factors may be considered in making the objective determination as to whether a person is in "custody" for purposes of the application of *Miranda*. One commentator has observed:

> The U.S. Supreme Court has defined custody as a "formal arrest or restraint on freedom of movement" associated with a formal arrest. The question of custody is resolved by examination of the totality of the circumstances including factors such as: (1) whether the suspect is questioned in familiar or neutral surroundings; (2) the number of police officers present; (3) the degree of physical restraint; (4) the duration and character of the interrogation; (5) whether or when probable cause to arrest exists; (6) when the suspect becomes the focus of the investigation; (7) the language used by the officer to summon the individual; and (8) the extent to which the suspect is confronted with the evidence of guilt. In making the determination, the situation must be viewed from the vantage point of "how a reasonable man in the suspect's position would have understood his situation." No one factor is determinative of whether the suspect is in custody.

Ronald J. Bacigal, *Virginia Practice, Criminal Procedure*, 202-03 (West 2009-2010) (authorities omitted).

Justice Lemons, writing for the Supreme Court of Virginia, has recently observed:

> [t]he relevant inquiry to determine if a suspect is in custody is "how a reasonable person in the suspect's situation would have understood his circumstances." As the United States Supreme Court has noted, "the circumstances of each case must certainly influence the determination of whether a suspect is 'in custody' " for purposes of receiving *Miranda* protection.

*Hasan v. Commonwealth*, 276 Va. 674, 679 (2008).

In this case, the Court finds that, under the facts of this case, a reasonable person returning through customs upon return to the United States would have perceived the restriction attendant to the questioning by the federal officers to be unlike the restraint imposed by a formal arrest.

Questioning of the defendant occurred in the primary and secondary customs search areas for international arrivals. After several hours of questioning, the defendant was placed on a continuing flight to his ultimate destination in Florida. During questioning, he was not put in restraints or moved out of the secondary search area for customs arrivals. Questioning related to the CD's, only a few of which contained child pornography, the gravamen of the instant prosecution. Defendant is a retired colonel in the U.S. Army, familiar with requirements of persons returning from foreign travel. Courts have noted that:

> some degree of questioning and delay is to be expected at entry points into the United States. "Because of this expectation, questioning at the border must rise to a distinctly accusatory level before it can be said that a reasonable person would feel restraints on his ability to roam to the degree associated with formal arrest."

*United States v. Munoz-Gutierrez*, 259 Fed. Appx. 197, 200 (11th Cir. 2007) (authorities omitted).

The Court does not conclude, under the circumstances of this case, that the failure to provide a recording device for the interview evidences bad faith on the part of the officers as would justify dismissing the instant prosecution upon Constitutional Due Process grounds.

Accordingly, the motion to suppress is denied and the motion to dismiss is denied.